# Tab 1



**202101676 - STEELE, RICKY vs. HOME DEPOT INC (THE) (Court 055)**

Chronological History *(non-financial)*    Print All



| Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties |
|---------|---------|-----------------|-----------|-----------------|-----------|---------|
| Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images |

\* Note: Not every case file in our library of records is available in electronic format. (A document may be filed in a case that is not viewable electronically.) Only non-confidential civil/criminal documents are available to the public. If a document in a case you are looking for is not available, please **click here** to notify Customer Service.

**Purchase Order**  ( 0 documents )

**Print List** 

If you are not a litigant in this case, you may visit our Customer Service departments to obtain copies of documents. Confidential or Sealed documents may not be dispensed to public customers.

If you are a litigant that is a party of this case and would like access to the restricted documents, please click **here**.

| Image No. | Type | Title | [Reset Sort] | Post Jdgm | Date | Pages | Add Entire Case |
|-----------|------|-------|--------------|-----------|------|-------|-----------------|
| 📄93891907 | Filing | Plaintiffs Original Petition and Written Discovery Requests Under the Texas Rules of Civil Procedure | | | 01/12/2021 | 13 | Add to Basket |
| -> 📄93891908 | Filing | Request for Issuance of Service | | | 01/12/2021 | 1 | Add to Basket |
| -> 📄93891909 | Filing | Request for Issuance of Service | | | 01/12/2021 | 1 | Add to Basket |

[WS5]

# Tab 2

CAUSE NO. 202101676

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 908289  TRACKING NO: 73830717
EML

| | |
|---|---|
| Plaintiff: | In The 055th |
| STEELE, RICKY | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| HOME DEPOT INC (THE) | Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

**To:   HOME DEPOT U S A INC (CORPORATION) CAN BE SERVED THROUGH ITS REGISTERED AGENT**
**CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCORPORATING SERFVICE COMPANY**
**211 E 7TH STREET SUITE 620, AUSTIN TX 78701**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY REQUESTS UNDER
THE TEXAS RULE OF CIVIL PROCEDURE

This instrument was filed on January 12, 2021 in the above cited cause number and court. The instrument attached describes
the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with
the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after
you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer
with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally
must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on January 14, 2021, under my hand and seal of said court.

Issued at the request of:

MERIWETHER, SYDNEY I
2525 ROBINHOOD ST STE 110
HOUSTON TX 77005
713-322-9993
Bar Number: 24078715



*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:CYNTHIA CLAUSELL

Tracking Number: 73830717

EML

**CAUSE NUMBER: 202101676**

| | |
|---|---|
| **PLAINTIFF: STEELE, RICKY** | **In the 055th** |
| **vs.** | **Judicial District Court of** |
| **DEFENDANT: HOME DEPOT INC (THE)** | **Harris County, Texas** |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ____. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____          By_____
Affiant                                                                                           Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

1/12/2021 1:54 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49628582
By: Cynthia Clausell-McGowan
Filed: 1/12/2021 1:54 PM

CAUSE NO. 202101676

| | | |
|---|---|---|
| RICKY STEELE | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | HARRIS COUNTY, T E X A S |
| | § | |
| THE HOME DEPOT, INC., and | § | |
| HOME DEPOT U.S.A., INC. | § | 55th JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY REQUESTS UNDER THE TEXAS RULES OF CIVIL PROCEDURE

COMES NOW, RICKY STEELE, Plaintiff, by and through the undersigned counsel, complaining of THE HOME DEPOT, INC., and HOME DEPOT U.S.A., INC., Defendants, and for cause of action would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.  Plaintiff intends discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2.  Plaintiff is an individual and resident of the state of Texas.

3.  Defendant The Home Depot, Inc., is a Delaware corporation having a headquarters in Atlanta, Georgia. The Home Depot, Inc., engages in business in the State of Texas but does not have a designated agent upon whom service may be had upon causes of action arising out of such business done in this State. For those reasons, service of process is to be made pursuant to § 17.044, Civ. Prac. & Rem. Code, by serving the Secretary of State of the State of Texas as the agent for The Home Depot, Inc. This suit arises out of business done on a more or less regular basis by The Home Depot, Inc., in this State, and under the circumstances, The Home Depot, Inc., has appointed the Texas Secretary of State as its agent

upon whom service of process may be had in this action. The Secretary of State is requested
to forward a copy of process and this petition to an officer or agent of The Home Depot, Inc.,
at its home office address at 2727 Paces Ferry Rd., Atlanta, Georgia 30339.

4. Home Depot U.S.A., Inc., is a corporation authorized to do business and doing business in
Texas and can be served with process through its registered agent, Corporation Service
Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620,
Austin, Texas 78701-3218.

5. Defendants The Home Depot, Inc., and Home Depot U.S.A., Inc., may be referred to
collectively in this Petition as "Home Depot."

III.
JURISDICTION AND VENUE

6. The Court has jurisdiction over the subject matter in controversy because the damages sought
by Plaintiff are within the jurisdictional limits of this Court.

7. Venue is proper in Harris County, Texas, since all or a substantial part of the events or
omissions giving rise to the claim occurred in said county.

8. All conditions precedent have occurred.

9. Nothing Plaintiff did or failed to do caused or contributed to this occurrence.

IV.
STATEMENT OF MONETARY RELIEF

10. The amount of Plaintiff's damages is in excess of the jurisdictional minimums of the Court.
Many elements of damages, including pain, suffering, mental anguish in the past and future,
past and future physical impairment, cannot be determined with mathematical precision.
Furthermore, the determination of many of these elements of damages is uniquely within the

2

province of the jury. Plaintiff does not at this time seek any certain amount of damages for any of these particular elements of damages but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly compensate Plaintiff. In order to comply with the pleading requirements of Texas R. Civ. P. 47(c)(4), however, Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00 and a demand for judgment for all other relief to which Plaintiff deems himself entitled.

V.
FACTS

11.     This lawsuit results from an incident that occurred on or about October 3, 2019. On said date, Plaintiff Ricky Steele was an invitee of Defendants and went to the Home Depot located on I-45 North in Spring, Texas, to load some metal that store management did not want to retain and wanted removed from the premises.

12.     Defendants extended an invitation to Plaintiff to enter the store's premises to remove such unwanted material. Plaintiff entered the premises for such purpose and with the permission and for the benefit of both Plaintiff and Defendants.

13.     As Plaintiff assessed the metal that was to be removed, he realized it was extremely heavy. He advised a Home Depot employee that a forklift would be needed to lift the metal for loading and removal.

14.     Plaintiff did not receive a response to his request, and a Home Depot employee attempted without warning to Plaintiff to lift the metal himself. In doing so and being unable to hold the metal aloft, the employee dropped it. The heavy metal—hundreds of pounds in weight—landed on Plaintiff's right foot, resulting in severe injury.

3

15.     The employee rendered no assistance to Plaintiff, and Mr. Steele was told to vacate the premises.

## VI.
## CAUSES OF ACTION

16.     The incident made the basis of this lawsuit resulted from the improper conduct of Home Depot's employee who was in the course and scope of his duties at the store.

17.     The conduct of the employee constituted negligence as that term is understood and defined by Texas law, and such negligent conduct was a proximate cause of the incident and resulting injuries and damages to Plaintiff.

18.     The employee's negligent actions or omissions include, but are not limited to, physically lifting material manually that he had notice was too heavy to be lifted in such a manner and would instead require the use of a forklift or similar equipment.

19.     At all times herein, the acts of Home Depot's employee were performed while in the employment of Home Depot to further Home Depot's business, to accomplish the objective for which the employee was hired, and within the course and scope of that employment or agency or within the authority delegated to the employee.

20.     Plaintiff alleges that Defendants are vicariously liable to him based on the doctrine of *Respondeat Superior*. That is, Defendants are liable to Plaintiff by virtue of the negligent conduct of Home Depot's employee, as described above.

21.     Defendants were also negligent in failing to properly train and instruct its employees in how to assist individuals like Plaintiff who were invited to remove heavy materials from the premises.

4

22.     Defendants' acts and/or omissions described herein constitute gross negligence as that term is defined and understood in Texas law. Viewed objectively from the standpoint of Defendants, such acts or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others, and Defendants had actual, subjective awareness of the risks involved but nevertheless proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff. Accordingly, Plaintiff asks for and is entitled to punitive and exemplary damages in addition to all actual damages.

VII.
DAMAGES

23.     As a result of the occurrence and the negligent acts and/or omissions described above, Plaintiff sustained injuries and damages in the past and will incur more in the future.

24.     Plaintiff respectfully requests that the trier of fact determine the amount of Plaintiff's damages and losses that he has incurred in the past and will incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

a.      Physical pain and mental anguish;

b.      Disfigurement;

c.      Physical impairment;

d.      Medical expenses;

e.      Loss of earning capacity; and

f.      Out-of-pocket economic losses.

25.     Because of all of the above and foregoing, Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of the Court, for which damages Plaintiff now brings suit.

5

26.     Plaintiff seeks prejudgment and post-judgment interest as allowed by law, all costs of court, and all other relief, both in law and in equity, to which he may be entitled.

VIII.
RESERVATION OF RIGHTS

27.     These allegations against Defendants are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter.

28.     As further investigation is conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding additional parties to or dismissing parties from the case.  The right to do so, under Texas law, is expressly reserved.

IX.
RULE 193.7 NOTICE

29.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against the Defendants at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

X.
DISCOVERY REQUESTS

30.     Pursuant to Texas Rule of Civil Procedure 194, Defendants are each requested to disclose within the time period set forth in Rule 194.3 the information or material described in Rule 194.2(a) - 194.2(l).

31.     Pursuant to Texas Rules of Civil Procedure 196, 197 and 198, Plaintiff's First Discovery Requests to Defendants are made a part of this Original Petition and must be answered

6

within 50 days of service of this Petition.

32.    Definitions for these discovery requests include: "You" and "Your" and "Defendant" mean
       The Home Depot, Inc., and Home Depot U.S.A., Inc.; "Persons" means individuals and every
       type of entity, whether formed for business purposes or not; "Incident" means the October
       3, 2019 occurrence forming the basis of this lawsuit as more particularly described in this
       Petition; "Document" refers to each and every "document or tangible thing" as defined in
       Rule 192.3(b); "Plaintiff" means Ricky Steele; and "Responsible Third Party" means any
       person or entity who is alleged to have caused or contributed to causing in any way the harm
       for which recovery of damages is sought by Plaintiff, whether by negligent act or omission,
       by any defective or unreasonably dangerous product, by other conduct or activity that violates
       an applicable legal standard, or by any combination of these (the term "Responsible Third
       Party" does not include a seller eligible for indemnity under Section 82.002 of the Texas
       Civil Practices and Remedies Code).

33.    First discovery requests to Defendants The Home Depot, Inc., and Home Depot U.S.A.,
       Inc., are as follows.

**INTERROGATORY NO. 1:**
Identify by name and job title the employees or representatives of Defendant with primary
responsibility for the (1) safety of invitees at your stores and (2) training employees on safe use of
lifting or moving heavy material.

**ANSWER:**

**INTERROGATORY NO. 2:**
Identify by name, job title and supervisor the employee involved in the incident with Plaintiff.

**ANSWER:**

7

**INTERROGATORY NO. 3:**

Identify by name and job title each manager who was on duty at the Spring, Texas Home Depot store at the time of the incident.

**ANSWER:**

**INTERROGATORY NO. 4:**

State your understanding of the reason for which Plaintiff was on the premises on October 3, 2019, and standing beside the metal that was involved in the incident.

**ANSWER:**

**INTERROGATORY NO. 5:**

Identify by name and job title every employee who witnessed the incident, indicating whether each is currently employed by Home Depot.

**ANSWER:**

**INTERROGATORY NO. 6:**

If you did anything or took any steps to investigate, address, and/or follow up on the incident that occurred on October 3, 2019, identify by name and job title each of your employees or agents who participated in such efforts.

**ANSWER:**

**INTERROGATORY NO. 7:**

Please identify every person or entity that you have reason to believe is a potential Responsible Third Party in this lawsuit, and for each such person or entity, state with as much specificity as possible the factual basis for such contention and identify the persons that may possess relevant knowledge regarding the contention.

**ANSWER:**

**INTERROGATORY NO. 8:**

Please list by name, last known address and telephone number all employees who were on duty at the store's premises on the day of the incident.

**ANSWER:**

**INTERROGATORY NO. 9:**

Identify by name and job title any employee who prepared or assisted in preparing an incident report regarding the incident.

**ANSWER:**

**INTERROGATORY NO. 10:**
If you contend that Plaintiff or any third party caused or contributed to cause the incident, further set forth:

    a.    each fact known to Defendant which you claim supports each such contention;

    b.    Defendant's understanding of the manner in which each such fact, person, or entity contributed to the incident and/or resulting injuries;

    c.    the name, address and telephone number of any person known to Defendant who possesses or claims to possess knowledge of any such fact; and

    d.    the identity of any documents supporting Defendant's contentions.

**ANSWER:**

**INTERROGATORY NO. 11:**
Describe your interpretation of the events which took place on October 3, 2019, which led to or caused the incident.

**ANSWER:**

**INTERROGATORY NO. 12:**
For what purposes are forklifts at the Spring, Texas Home Depot available and/or used?

**ANSWER:**

**INTERROGATORY NO. 13:**
Provide the following information for each and every policy (primary and excess) of insurance that may provide you with coverage for the claims made the basis of this lawsuit.

    a.    Name of the insurance carrier and policy number;

    b.    Amount of liability limits;

    c.    Amount of deductible or self-insured retention;

    d.    Whether any policy defenses or exclusions have been asserted by the carrier;

    e.    Whether you have been sent a reservation of rights letter.

9

**ANSWER:**

**INTERROGATORY NO. 14:**
Are there cameras that film, tape or record the area of the Spring, Texas Home Depot's premises in which Plaintiff was injured by dropped metal?

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 1:**
Produce all photographs, videotapes, movies, slides, etc., that in any way relate to the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**
Produce all records in Defendant's possession that concern Plaintiff. This request excludes those records provided to Defendant by Plaintiff's counsel.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**
Produce each and every exhibit that Defendant will offer at trial for any purpose, including all demonstrative exhibits, all substantive exhibits and all tangible, photographic or documentary evidence which Defendant will attempt to show to the jury or otherwise use at the trial of this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**
Produce each and every exhibit, including all demonstrative exhibits, all substantive exhibits and all tangible, photographic or documentary evidence that have been reviewed by or created by your testifying experts or that in any way support or illustrate your testifying experts' opinions that are relevant to this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**
Produce all documents supporting your claim that another person or entity is a Responsible Third Party that has not been named by Plaintiff as a defendant in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**
Produce any accident reports, accident investigations, incident reports and/or reports of injury regarding the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**
Produce any manuals, written instructions, procedures, protocols, and other information provided to employees that are applicable to the duties Home Depot's employee was performing at the time of the incident (including, but not limited to, lifting, moving and loading of heavy materials).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**
Produce any manuals and written instructions, procedures, protocols, and other information provided to employees that are applicable to availability or use of forklifts at Home Depot.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**
Produce any photographs, videotapes, audiotapes, tape recordings, etc., obtained by Defendant of surveillance of Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**
Produce all statements of any kind obtained from any persons with knowledge of relevant facts upon which this lawsuit is based.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**
Produce Defendant's document retention policy.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**
Produce all non-privileged documents, records and/or other writings that evidence an admission, in whole or in part, that the incident was caused by an act or omission or fault or negligence of any person or entity.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**
Produce documents related to procedures to be followed by Defendant in response to an incident such as that made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**
Produce any video footage of Plaintiff's incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**
Produce documents supporting any defenses (affirmative or otherwise) raised by you to the allegations set forth in Plaintiff's Original Petition.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**
Produce any correspondence between you and any other person concerning the claims asserted by Plaintiff in Plaintiff's Original Petition.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 1:**
Admit that on October 3, 2019, Plaintiff was injured at Home Depot's premises.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**
Admit that nothing Plaintiff did or did not do caused or contributed to cause the incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**
Admit that your employee dropped metal on Plaintiff's foot on October 3, 2019.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**
Admit that Plaintiff was your invitee at the time of the incident.

**RESPONSE:**

XI.
JURY DEMAND

34.     Plaintiff respectfully requests a trial by jury.

12

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear herein and answer, and upon final trial and hearing hereof, that Plaintiff recover damages in accordance with the evidence, that Plaintiff recover costs of court herein expended, that Plaintiff recover interest to which Plaintiff is justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

Womack Law Office PLLC

*/s/ Sydney Meriwether Womack*
SYDNEY MERIWETHER WOMACK
State Bar No. 24078715
2525 Robinhood St., Ste 110
Houston, Texas 77005
P: (713) 322-9993
F: (713) 583-3114
Email: sydney@womacktriallawyers.com
Email: jessica@womacktriallawyers.com

ATTORNEY FOR PLAINTIFF

13

**1**

**$8.00** US POSTAGE
4 OZ FIRST-CLASS MAIL FLATS RATE
ZONE 2
RETAIL

062S0011654625
FROM 77005



stamps
endicia
01/16/2021

## USPS FIRST CLASS MAIL®

Womack Law Office
2525 Robinhood St., Ste 110
Houston TX 77005-2573

C015

SHIP
TO:   Corporation Service Company
      CSC-Lawyers Incorporating
      211 E. 7th Street, Suite 620
      Austin TX 78701-3218

USPS CERTIFIED MAIL™



9414 7118 9956 0802 0575 56

7019 2280 0000 5404 8084

**Tab 3**

1/12/2021 1:54:04 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 49628582
By: CLAUSELL, CYNTHIA
Filed: 1/12/2021 1:54:04 PM

# Marilyn Burgess –Harris County District Clerk

## Request for Issuance of Service

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**Name(s) of Documents to be served:** **PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY REQUESTS UNDER THE TEXAS RULES OF CIVIL PROCEDURE**

**FILE DATE:** 01/12/2021 _____   Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** The Home Depot, Inc. _____

Address of Service: 2727 Paces Ferry Rd _____

City, State & Zip: Atlanta, Georgia 30339 _____

Agent (if applicable)  The Secretary of State_____

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

- [x] **Citation**  [ ] **Citation by Posting**  [ ] **Citation by Publication**   [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**                    Newspaper_____
- [ ] **Temporary Restraining Order**   [ ] **Precept**                    [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ( $12.00)**  [ ] **Capias (not an E-Issuance)**   [ ] **Attachment**
- [ ] **Certiorari**                     [ ] **Highway Commission ( $12.00)**
- [ ] **Commissioner of Insurance ($12.00)** [ ] **Hague Convention ($16.00)**  [ ] **Garnishment**
- [ ] **Habeas Corpus**          [ ] **Injunction**             [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)**_____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY (check one):**
- [ ] **ATTORNEY PICK-UP (phone)** _____   [ ] **CONSTABLE**
- [ ] **MAIL to attorney   at:**_____

- [ ] **CERTIFIED MAIL by District Clerk**   [x] **E-Issuance by District Clerk** (No Service Copy Fees Charged)
       **(Note:) CAPIAS is not an E-Issuance Option**
- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

- [ ] **OTHER**, *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Sydney Meriwether Womack  Bar # or ID  24078715

Mailing Address: 2525 Robinhood St., Ste 110, Houston, Texas 77005

Phone Number: 713-322-9993 _____

Certified Document Number: 93891908 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 10, 2021

Certified Document Number:        93891908 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# Tab 4

1/12/2021 1:54:04 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 49628582
By: CLAUSELL, CYNTHIA
Filed: 1/12/2021 1:54:04 PM

# Marilyn Burgess – Harris County District Clerk

### Request for Issuance of Service

**CASE NUMBER:** _____  **CURRENT COURT:** _____

Name(s) of Documents to be served: **PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY REQUESTS UNDER THE TEXAS RULES OF CIVIL PROCEDURE**

**FILE DATE:** <u>01/12/2021</u>_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** <u>Home Depot U.S.A., Inc</u>_____

Address of Service: <u>211 E. 7th Street, Suite 620.</u>_____

City, State & Zip: <u>Austin, Texas 78701</u>_____

Agent (if applicable) <u>Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company</u>

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

☑ Citation     ☐ Citation by Posting     ☐ Citation by Publication     ☐ Citations Rule 106 Service

☐ Citation Scire Facias                    Newspaper_____

☐ Temporary Restraining Order     ☐ Precept                         ☐ Notice

☐ Protective Order

☐ Secretary of State Citation ( $12.00)   ☐ Capias (not an E-Issuance)   ☐ Attachment

☐ Certiorari                    ☐ Highway Commission ( $12.00)

☐ Commissioner of Insurance ($12.00) ☐ Hague Convention ($16.00)   ☐ Garnishment

☐ Habeas Corpus               ☐ Injunction                    ☐ Sequestration

☐ Subpoena

☐ Other (Please Describe)_____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY (check one):**
☐ **ATTORNEY PICK-UP (phone)** _____     ☐ **CONSTABLE**
☐ **MAIL to attorney     at:**_____

☐ **CERTIFIED MAIL by District Clerk**   ☑ **E-Issuance by District Clerk** (No Service Copy Fees Charged)
     **(Note:) CAPIAS is not an E-Issuance Option**
☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: <u>Sydney Meriwether Womack</u> Bar # or ID <u>24078715</u>

Mailing Address: <u>2525 Robinhood St., Ste 110, Houston, Texas 77005</u>

Phone Number: <u>713-322-9993</u>_____

Certified Document Number: 93891909 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 10, 2021

Certified Document Number:        93891909 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**